UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
ELIAS SILVA,

       Plaintiff,

                                                      **COMPLAINT**

           -against-

THE CITY OF NEW YORK, and POLICE OFFICER
LIAM CAWLEY Shield No. 3001 of the 6th Police
Precinct.

       Defendants.

------------------------------------------------------------------------ x

The plaintiff, complaining of the defendants, by his attorney, MICHAEL FINEMAN, ESQ. respectfully shows to this Court and alleges:

## JURISDICTION AND VENUE

1. Plaintiff brings this action for compensatory damages, and punitive damages pursuant Civil, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is properly laid in the Southern District of New York under 28 U.SC. §1391(b) and §1391(c), in that the defendant's, the City of New York, offices are located within the District.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.Civ.P. 38(b).

## PARTIES

6. The plaintiff, is a United States citizen and is a resident of the United States, State of Connecticut.

7. Defendant, the City of New York (hereinafter referred to as CITY), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, CITY, maintains the New York City Police Department a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individual defendant, POLICE OFFICER LIAM CAWLEY Shield No. 3001 of the 6th Police Precinct (hereinafter referred to as CAWLEY), was a duly sworn police officer of said police department and was acting under the supervision of said police department and according to his official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of CAWLEY, alleged herein were done by said defendant while acting within the scope of his employment by defendant CITY.

12. Each and all of the acts of CAWLEY alleged herein were done by said defendant while acting in furtherance of his employment by defendant CITY.

## PENDENT STATE CLAIMS

13. That Notice of the Plaintiff's Claims for violation of civil rights, false arrest, false imprisonment, assault and battery, punitive damages, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the defendant, CITY, on or about January 30, 2015.

14. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make an adjustment or payment thereof which is satisfactory to plaintiff.

That this action is commenced within one year and ninety days after the cause of action arose.

## FACTS

15. Upon information and belief, on or about May 11, 2013 at approximately 5:11am plaintiff was arrested in the vicinity of 346 West 14th Street in New York County, New York by CAWLEY.

16. Upon information and belief, in the evening of May 10, 2013, the plaintiff met a friend for drinks in the vicinity of the Meat Packing District on Manhattan's west side, and after consuming a quantity of alcohol, returned to his car to lay down.

17. Upon information and belief, the plaintiff fell asleep on the back seat of his car, a Honda Accord, while waiting for his friend to finish speaking with a young lady.

18. Upon information and belief, at some point in the early morning hours of May 11, 2013, plaintiff was approached by CAWLEY and questioned as to why he was laying in the back seat of plaintiff's car.

19. Upon information and belief, during this interaction with CAWLEY, plaintiff was told to leave; however, plaintiff refused to leave the location as he believed he was legally parked and insisted that he was waiting for his friend.

20. Upon information and belief, CAWLEY and his partner left the location, and plaintiff continued to rest in the back seat of his car.

21. Upon information and belief, CAWLEY, and his partner returned to the location where plaintiff was parked, and again insisted that plaintiff depart the location.

22. Upon information and belief, the plaintiff was parked legally, not engaging in any criminality, and there was no reason for CAWLEY to interact with plaintiff, let alone place plaintiff under arrest.

23. Upon information and belief, at no time on May 11, 2013 did the plaintiff sit in the driver's seat of the vehicle, put the keys in the ignition, or otherwise operate his vehicle.

24. Upon information and belief, CAWLEY did order the plaintiff out of his car, place handcuffs on plaintiff and proceeded to search the plaintiff's person, including his pockets and under his clothing.

25. Upon information and belief, at the time of the above-described search and seizure of the plaintiff, CAWLEY lacked any information to believe that the plaintiff had just committed a crime, and lacked any reasonable suspicion or probable cause to search and seize the plaintiff.

26. Upon information and belief, plaintiff was held in excess of twenty-four hours before being produced by the New York City Police Department for Arraignment in the Criminal Court of the County of New York.

27. Upon information and belief, Plaintiff was charged with Driving While Intoxicated and related charges.

28. Upon information and belief, CAWLEY stated to the New York County District Attorney's Officer, specifically to Timothy Duda, that he observed the plaintiff operating a motor vehicle immediately prior to the time of arrest, and that the plaintiff was in an intoxicated condition.

29. Upon information and belief, CAWLEY's statements were memorialized and published in open court in an accusatory instrument.

30. Plaintiff was required to attend court approximately 13 times over the course of one year and six months until the underlying criminal case was dismissed and sealed on November 10, 2014.

31. Upon information and belief, defendant CAWLEY did intentionally and falsely complete a sworn statement stating that plaintiff was operating a motor vehicle.

<u>FIRST CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C.§ 1983</u>

32. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

34. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with malice and discriminatory intent based on plaintiff's national origin and ethnic background and physical appearance, which is Hispanic.

39. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical and mental distress, anguish, pain and suffering.

40. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

<u>SECOND CAUSE OF ACTION FOR FALSE ARREST UNDER 42 U.S.C. § 1983</u>

41. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

42. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

43. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with malice and discriminatory intent based on plaintiff's national origin, ethnic background and physical appearance, which is Hispanic.

45. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical and mental distress, anguish, pain and suffering.

46. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

THIRD CAUSE OF ACTION FOR FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

48. On the above mentioned date, defendant CAWLEY did forcibly prevent the plaintiff from exiting the Police Precinct where plaintiff was taken to for arrest processing as well as the New York County Criminal Court Central Booking facility, and finally the New York City Department of Correction with plaintiff's knowledge and without the plaintiff's consent.

49. Upon information and belief, defendant CAWLEY had no justifiable reason to detain, or cause plaintiff's detention.

50. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical and mental distress, anguish, pain and suffering.

51. Each and all of the acts of defendant CAWLEY alleged herein were done by said person while acting within the scope of his employment by defendant CITY.

52. Upon information and belief, defendant CAWLEY's conduct was in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

53. The acts complained of were carried out by defendant CAWLEY in his capacities as an employee of CITY, pursuant to the customs, usages, practices, procedures, and rules of defendant CITY, all under the supervision, and with the consent of managing and supervising employees and agents of defendant CITY.

That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## FOURTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION

54. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

55. Defendants misrepresented and falsified evidence before the District Attorney.

56. Defendants did not make a complete and full statement of facts to the District Attorney.

57. Defendants withheld exculpatory evidence from the District Attorney.

58. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

59. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

60. Defendants acted with malice in initiating criminal proceedings against plaintiff.

61. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

62. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

63. Defendants acted with malice in continuing criminal proceedings against plaintiff.

64. Defendant misrepresented and falsified evidence throughout all phases of the criminal proceeding.

65. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about November 10, 2014.

66. By reason of the foregoing, plaintiff requests that this Court award him, a money judgment, in an amount to be determined at trial, for the physical and mental distress, anguish, pain and suffering he experienced as a result of the defendants' offensive conduct in an amount not less than the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## FIFTH CAUSE OF ACTION FOR NEGLIGENCE AS AGAINST DEFENDANT CITY

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if more fully and at length set forth herein.

68. That the defendant CITY was negligent, careless and reckless in hiring and retaining as and for its employee, particularly defendant CAWLEY, in that the said defendant lacked the experience, deportment and ability to be employed by defendant CITY; in that CITY failed to exercise due care and caution in their hiring practices, and in particular, in hiring defendant CAWLEY, who lacked the mental capacity and the ability to function as employee of defendant

CITY; in that the defendant CITY failed to investigate the above named defendants' background and in that it hired and retained as employee of their police department individuals who were unqualified in that CAWLEY lacked the maturity, sensibility and intelligence to be employed when hired to be employee; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

69. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical and mental distress, mental anguish, and anxiety.

70. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

Dated: New York, New York
       July 22, 2015

                                    Very truly yours,

                                    THE LAW OFFICE OF MICHAEL FINEMAN, ESQ.

By: _____
Michael Fineman, Esq. (MF0282)
Attorney for Plaintiff,
ELIAS SILVA,
225 Broadway, Suite 3604
New York, New York 10007
Tel: (212) 233-4500
Fax: (212) 233-4501